UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 3:09-500-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | DENYING § 2255 PETITION |
| FREDIBERTO PINEDA | ) | |
| | ) | |

This matter is before the court upon the motion of the Defendant, Frediberto Pineda, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant raised three Grounds for Relief in his § 2255 petition, including the allegation that despite his request to file an appeal, his attorney failed to do so. The Government filed a motion for summary judgment. Defendant filed a response, and this court appointed Joseph Connell, Esquire to represent the Defendant for purposes of an evidentiary hearing on the issue of whether the Defendant requested his former counsel, Robert Hallman, Esquire, to file an appeal on his behalf.

Defendant raised three Grounds for Relief in his § 2255 petition, all of which center around the 21 U.S.C. § 851 enhancement and filing a direct appeal. In his petition, Defendant alleges that his former counsel was ineffective for failing to advise him that he was subject to an enhanced statutory mandatory minimum penalty of twenty (20) years, for failing to discuss the § 851 with him, and for failing to object to the § 851 enhancement. Defendant further alleges that this court lacked jurisdiction to impose the statutory mandatory

1

minimum sentence and that his former attorney failed to file an appeal on his behalf despite his requesting that an appeal be filed.

An evidentiary hearing was held on September 11, 2012, during which time testimony was taken from both Defendant and his former counsel, Robert Hallman, Esquire. The government, through cross-examination, introduced three exhibits, a copy of a letter dated September 8, 2010, from Defendant to the court addressing the 21 U.S.C. § 851 enhancement, and Defendant's two appeal waiver forms (English and Spanish versions).

The standard governing ineffective assistance of counsel claims is found in Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," Strickland, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. Id. As to the first prong of the Strickland test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." Id. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. *See also* Lockhart v. Fretwell, 506 U.S. 364, 371-72 (1993).

The second prong of the Strickland test provides that Defendant must show that he suffered prejudice as a result of counsel's alleged ineffectiveness. In the context of a guilty plea, the Defendant must show that "there is a reasonable probability that, but for counsel's error, he would have not pleaded guilty and would have insisted on going to trial." Hill v.

2

Lockhart, 474 U.S. 52, 59 (1985).

Defendant fails to meet this first prong of the Strickland test as the record is devoid of any evidence that Mr. Hallman's performance was deficient. In fact, it is clear from both the testimony of Mr. Hallman and Defendant, as well as the transcripts from the guilty plea and sentencing hearings, that Mr. Hallman advised Defendant of the § 851 enhancement and that the Defendant was aware of the consequences. The testimony showed that not only did Mr. Hallman meet with Defendant numerous times, he did so with the assistance of an interpreter and also had several important documents translated into Spanish so that Defendant could also review them himself. The record clearly shows that Defendant does not now nor has he ever contested the validity of the § 851 enhancement, as he does not dispute that it is his prior conviction. Defendant simply does not agree with the ramifications of that prior conviction under § 851. Failure to raise non-meritorious issues does not constitute ineffective assistance of counsel. Smith v. Robbins, 528 U.S. 259, 287-88 (2000). Defendant also fails to meet the second prong of the Strickland test as Defendant never alleged nor proved any prejudice, or more specifically that he would not have plead guilty and would have proceeded to trial.

This court, after having carefully considered all of the grounds asserted in the § 2255 petition and after having heard sworn testimony from both Mr. Hallman and Defendant, finds that Defendant's § 2255 allegations are completely without merit. This court finds that Defendant's claim that Mr. Hallman failed to advise Defendant that he was subject to the

statutory mandatory minimum of 240 months is completely belied by the record. Defendant himself testified that he was informed of the statutory mandatory minimum by Mr. Hallman, which is also corroborated by Defendant's letter to this court. Defendant's claim is also completely contradicted not only by the testimony in the evidentiary hearing, but by the record in this case, including the transcript of the sentencing hearing wherein Defendant expressed his concern over a possession charge serving as a predicate for 21 U.S.C. § 851. At that juncture, this court gave Defendant an opportunity to object to the enhancement, which he failed to do. In fact, during the sentencing hearing, Defendant agreed with his attorney's advice to withdraw objections as they would not serve to benefit him even if he was successful and could, on the other hand, substantially increase his sentence should he lose those objections and lose acceptance of responsibility and possibly face an obstruction enhancement.

This court further finds that it did have jurisdiction to impose the statutory mandatory sentence as the Government properly filed notice of the enhanced penalty under 21 U.S.C. § 851. This court derives its jurisdiction to determine the issue of increased punishment from 18 U.S.C. § 3231, which provides that the federal district courts "have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." United States v. Beasley, 495 F.3d 142, 147 (4th Cir. 2007). "It follows that 'this jurisdiction necessarily includes the imposition of criminal penalties.'" Id. (*quoting* Prou v. United States, 199 F.3d 37, 45 (1st Cir. 1999)).

4

Finally, this court finds that Defendant's assertion that he requested Mr. Hallman to file an appeal on his behalf to be without merit. This court rejects Defendant's testimony and accepts Mr. Hallman's testimony as credible that the Defendant freely and voluntarily indicated in their post-sentencing meeting on March 15, 2011, that he did not wish to appeal. Mr. Hallman's testimony that Defendant declined to request an appeal after they consulted about the option of pursing an appeal is corroborated by two signed right to appeal forms (English and Spanish versions), dated March 15, 2011, wherein Defendant indicated that "I have been notified by the Court and my attorney of my Right to Appeal....I have discussed this right with my attorney. ☐✓ I do not want to appeal." During his testimony, Defendant admitted to signing the forms indicating that he did not wish to appeal. Defendant further admitted that his statements in the § 2255 petition that Mr. Hallman had never discussed § 851 with him and that he asked Mr. Hallman to file an appeal and he declined to do so were all false. Defendant admitted that he changed his mind later after being in the Federal Bureau of Prisons and consulting with other inmates. However, he presented no evidence that he ever communicated to Mr. Hallman or anyone that he later changed his mind.

For the reasons noted above and more fully set forth on the record during the evidentiary hearing, Defendant cannot establish ineffectiveness or prejudice to succeed on the ineffective assistance of counsel allegation. Likewise, Defendant's claim that this court lack jurisdiction is meritless. Finally, Defendant's claim that Mr. Hallman failed to file an appeal despite being asked to do so, is contrary to the record and baseless.

This court finds that Defendant's petition is meritless and frivolous. Therefore, this court denies Defendant's § 2255 petition with prejudice.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

September 13, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."